appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues should be summarily decided.

The trial justice granted a new trial to the plaintiff after a jury verdict for the defendant on the ground of assumption of risk. The trial justice, in his extensive review of the evidence, found that the defendant had been negligent in the maintenance of its floor. He further found that the plaintiff had also been negligent but not to the extent of having assumed the risk of injury under the circumstances of the case. Our review of the record indicates that the trial justice carried out his duties in accordance with the guidelines set forth in *Pisaturo v. Raso,* 507 A.2d 1357 (R.I.1986), and cases cited therein. We hold that he did not overlook or misconceive material evidence, nor was he otherwise clearly wrong.

Consequently, the appeal of the defendant is denied and dismissed. The order granting a new trial in favor of the plaintiff is affirmed.

order requiring the plaintiff to appear and to show cause why his appeal should not be summarily denied and dismissed.

Appearing pro se, plaintiff appeals the denial by a justice of the Superior Court of his motions under Super.R.Civ.P. 15(a) and 60(b). The plaintiff advances several arguments to support his position. They include his assertions that the Superior Court justice abused his discretion in denying his motions, that plaintiff has newly discovered evidence, and that defendants made fraudulent representations upon which his lawyers relied. The plaintiff has not persuaded this court that he has newly discovered evidence or any other reason to justify reversing the Superior Court justice's denial of his motions. After hearing the arguments of counsel and Mr. D'Amario and reviewing the memoranda that the parties submitted (including a twenty-page memorandum of law that Mr. D'Amario filed), it is the conclusion of this court that cause has not been shown.

The plaintiff's appeal is therefore denied and dismissed. The judgment appealed from is affirmed.

LEDERBERG, J., did not participate.

Arthur D'AMARIO, III

v.

LAW FIRM OF TATE & ELIAS et al.

No. 93–186–Appeal.

Supreme Court of Rhode Island.

Nov. 19, 1993.

Plaintiff, pro se.

Mark Reynolds, John Boland, Robert D'Amico, Seth Bowerman.

ORDER

This matter came before the Supreme Court on November 1, 1993 pursuant to an

Raymond MORRISSETTE et al.

v.

Mildred BANCUK et al.

No. 92–652–Appeal.

Supreme Court of Rhode Island.

Nov. 19, 1993.

Robert J. Rahill, Warwick.

Thomas Hefner, Greenville.